UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EAGLE COMPRESSORS, INC., an Illinois corporation, f/k/a EMERGENCY PRODUCTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 01 C 4032 |
| HEC LIQUIDATING CORP., a Delaware corporation, f/k/a EAGLE COMPRESSORS, INC.; and HAMWORTHY BELLISS & MORCOM LTD., a United Kingdom corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Plaintiff Eagle Compressors, Inc. ("Eagle") for an award of attorneys' fees and costs in the amount of $1,084,984.94. For the reasons set forth below, we conclude that Eagle is entitled to fees and costs in the amount of $587,927.00.

**BACKGROUND**

Several of our prior opinions and the trial in this case have detailed the factual background of the dispute between these parties. Consequently, the following recitation is limited to facts specifically related to the decision herein.

Eagle is a company formerly known as Emergency Products, Inc. Defendant HEC Liquidating Corporation, formerly known as Eagle Compressors, Inc. ("HEC"), sold its business to Eagle pursuant to an Asset Purchase Agreement on January 23, 1999. In 2001, after discovering defects in some of the purchased product lines, Eagle sued HEC and its parent corporation, Hamworthy Belliss & Morcom Ltd. ("Hamworthy"), for fraudulent misrepresentation, fraudulent concealment, and breach of contract. The case went to trial, and a jury awarded $430,589.80 on the breach of contract claim and found no liability on the fraud claims. Eagle now moves for its attorneys' fees as well as costs.

## DISCUSSION

Under the so-called "American rule," a party to a lawsuit pays its own attorneys' fees absent some sort of authority to shift the burden, such as a statute, a rule of procedure, or prior agreement of the parties. See, e.g., 42 U.S.C. § 1988; West Lafayette Corp. v. Taft Contracting Co., Inc., 178 F.3d 840, 842 (7th Cir. 1999); Fed. R. Civ. Proc. 37(a)(4)(A). Here, Eagle claims entitlement to reimbursement for its legal fees under ¶ 9.1 of the Asset Purchase Agreement. This paragraph states that HEC will indemnify Eagle for "all costs and expenses including, without limitation, legal fees incidental to or in respect of" actions to enforce the agreement and representations made within it.

At ¶ 11.12, the agreement states that it will be governed by Illinois law (¶ 11.12). In Illinois, indemnity agreements are disfavored and therefore strictly construed. McNiff v. Millard Maintenance Service Co., 715 N.E.2d 247, 249 (Ill. App. Ct. 1999); Charter Bank v. Eckert, 585 N.E.2d 1304, 1310 (Ill. App. Ct. 1992). The agreement indicates that HEC is responsible only for the fees incidental to an action to enforce the obligations of the agreement. Strictly construed, this language evinces an obligation only to reimburse the actual amount Eagle paid its attorneys. According to Eagle's reply brief, that figure comes out to $561,117.96. Eagle's reliance upon cases determining fees in settings involving civil rights actions or other situations in which fees are awarded pursuant to statute or rule is misplaced. The parties agreed that HEC would indemnify Eagle for the costs it incurred, not what Eagle's counsel would have charged if Eagle were paying the typical hourly rates of its attorneys. If we were to adopt the position Eagle takes here, the additional amount requested would be a windfall, since Eagle would be receiving more in reimbursement than it was required to expend in the first instance.

Eagle has also requested to be reimbursed for its costs and expenses related to this litigation. The amounts they seek total $173,205.52. Although they rely upon the Asset Purchase Agreement as the underlying entitlement to costs and expenses, they correctly acknowledge that we have the discretion to determine the reasonableness of

the requested amount. Harris Trust & Savings Bank v. American Nat'l Bank & Trust Co. of Chicago, 594 N.E.2d 1308, 1312 (Ill. App. Ct. 1992). We have carefully reviewed Eagle's submission and conclude that many of the listed items are unreasonable and therefore not recoverable. Examples include travel expenses for attorneys totaling $21,719.77 (including several airline tickets from Chicago to North Carolina costing over $1000 and another from Chicago to St. Paul for over $900); online research fees to the tune of $15,452.17; fees for parking, cab fares, or rental cars of $2,385.55 (including one charge for car hire of nearly $600); long-distance telephone charges of $1355.10; $1000 spent on trial actors; expedited delivery charges of $858.39; filing fees in the Circuit Court of Cook County of $244.40; and document-related charges of color copying, condensing, and binding of $73.60. While some of these expenses can sometimes be recoverable, the exorbitant amounts involved convince us that they were not a necessary incident to this litigation. See Heiar v. Crawford County, 746 F.2d 1190, 1203-04 (7th Cir. 1984). The others are merely a matter of convenience, or in the case of the trial actors, downright luxury. If Eagle wished to pay this much for these services, that is their prerogative, but we do not consider it appropriate to pass on the cost of their preferences to HEC. Once these figures are deducted, the remaining amount totals $25,576.55 in reasonable costs and expenses.

Finally, Eagle has asked for full reimbursement of the amounts it paid its experts Linda Zimmerman and Robert Weir. It is well-settled that reimbursable witness fees are the same for expert witnesses as for lay witnesses. Bankston v. State of Ill., 60 F.3d 1249, 1256-57 (7th Cir. 1995). Using the applicable guidelines, the amount recoverable for Zimmerman's two days in court and travel to and from Schaumburg, IL, is $124.03. The amount for Weir's two days and his travel from Massachusetts is $1108.46.

## CONCLUSION

Eagle is awarded $561,117.96 in attorneys' fees, $25,576.55 in costs and expenses, and $1,232.49 in fees for its expert witnesses. The total amount of the award is $587,927.00.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated:   August 15, 2005